**The below described is SIGNED.**

Dated: April 10, 2006

_____
**JUDITH A. BOULDEN
U.S. Bankruptcy Judge**



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 05B-80022 |
| HEATHER MONTOYA, | Chapter 13 |
| Debtor. | Judge Judith A. Boulden |

## MEMORANDUM DECISION

Heather Montoya (Debtor)[1] proposes a Chapter 13 plan in which she seeks to pay for a 1997 Mercury Tracer (Tracer) that she purchased within 910 days of filing her petition by bifurcating the secured claim under 11 U.S.C. § 506(a)(1),[2] paying the secured value of the Tracer in full, and paying only a small percentage of the unsecured balance. Although the hanging paragraph found after § 1325(a)(9) now prohibits bifurcation under § 506(a)(1) in certain instances, the Debtor and the Chapter 13 Trustee argue that bifurcation is still allowed because the creditor secured by the Tracer has failed to file an objection to the Debtor's

---

[1] This is the second issue of first impression involving this Debtor. In its prior ruling, this Court denied the Debtor's request for a stay extension under 11 U.S.C. § 362(c)(3)(C)(i)(II)(cc).

[2] All future statutory references are to title 11 of the United States Code unless otherwise indicated.

Amended Chapter 13 plan (Plan) and, therefore, should be deemed to accept the Plan under § 1325(a)(5)(A). Both the Debtor and the Chapter 13 Trustee have filed briefs in support of confirmation of the Plan, and the creditor secured by the Tracer has neither filed a claim nor briefed the issue. After reviewing the pleadings and making an independent review of applicable case law, the Court enters the following Memorandum Decision.

## FACTS

The facts of this case are undisputed. The Debtor has filed two prior bankruptcy petitions. In the current case (the Debtor's third filing), the Debtor filed the Plan and then orally amended it at the contested confirmation hearing. The Plan proposes a monthly plan payment of $290 with a pro rata distribution to general unsecured creditors of $2,340. The Plan also proposes to bifurcate or, as it is commonly termed, cram down a debt owed to Menlove Dodge. Menlove Dodge has a purchase money security interest in the Tracer. The Debtor incurred this debt on February 24, 2004 between her first and second bankruptcy filings — well within 910 days of filing this current petition — and acquired the Tracer for her personal use. No payment through a Chapter 13 plan has been made to Menlove Dodge on its claim since the Debtor's second case was filed in early 2004.

The Debtor proposes in her Plan to pay Menlove Dodge $2,230 as a secured claim with a 5.5% discount factor and to pay the estimated balance of $1,770 as a non-priority unsecured claim. The Plan was filed and noticed to all creditors. Paragraph 3.B. of the Plan acknowledges that the Tracer claim is not subject to § 506. But contrary to this statement, the Plan bifurcates the claim and states: **FAILURE OF A CREDITOR TO TIMELY FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE**

**ACCEPTANCE OF BOTH THE PLAN AND THE TREATMENT OF ITS CLAIM AS SET FORTH THEREIN**. Menlove Dodge has not filed a proof of claim, but the Debtor included the Tracer on Schedule D showing that she owes Menlove Dodge approximately $4,000.[3]

### DISCUSSION

This is a core matter and the Court may enter a final order.[4] The issues before the Court are whether the absence of objection from Menlove Dodge may be deemed implied acceptance of the Plan and whether the Court may confirm the Plan that provides for bifurcation of a secured claim under § 506 for a vehicle purchased within 910 days of filing (910-day vehicle claim). Although admitting that Menlove Dodge has a 910-day vehicle claim, both the Debtor and the Chapter 13 Trustee argue that the Plan should be confirmed because the confirmation requirements set forth in § 1325(a)(5) are in the disjunctive, and a creditor's acceptance of a proposed plan satisfies the requirements of § 1325 regardless of the hanging paragraph found after § 1325(a)(9). Both the Debtor and Chapter 13 Trustee argue that a creditor's failure to object to a proposed plan constitutes acceptance of the plan under § 1325(a)(5)(A). Under the circumstances presented in this case, the Court disagrees.

---

[3] Since submission of this matter, but during the FED. R. BANKR. P. 3004 period, the Debtor filed a proof of claim for Menlove Dodge. The claim, signed by Debtor's counsel, states on line 5 of Official Form B10 that the total amount of the claim at the time the case was filed was $2,230. This amount has been placed in both the line reflecting the secured amount and in the line reflecting the total amount of the claim. The total amount owed to Menlove Dodge of $2,230 conflicts with the Debtor's sworn statement on the schedules and the total amount owed as reflected on the Plan. The myriad issues that result from the Debtor's filing of this claim were not addressed by the parties at oral argument or in their briefs, nor has Menlove Dodge received the required notice of the filing of the claim from the Clerk of Court. In light of the penalties associated with filing a false claim, the Court defers any ruling regarding this claim to a later date.

[4] 28 U.S.C. § 157(b)(2)(L).

### A.     Application of § 1325(a)(5)(B) and the Hanging Paragraph

Before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), §§ 506 and 1325(a)(5)(B) allowed a debtor to bifurcate secured claims cramming down the secured portion to the value of the collateral as long as the plan provided that the holder of the claim retained its lien.  The balance was then reclassified and paid through the plan as a non-priority unsecured claim.  Now, under the BAPCPA, the hanging paragraph found after § 1325(a)(9) limits an individual debtor's ability to apply § 506 to certain purchase money items.  The hanging paragraph provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Since the implementation of the BAPCPA, there have been numerous opinions interpreting the interplay between § 1325(a)(5) and the hanging paragraph.[5]  The majority of courts interpreting the hanging paragraph hold that it precludes a Chapter 13 debtor from using § 506 to cram down a 910-day vehicle.[6]  This Court agrees with the majority.  One court, however, has determined that a 910-day vehicle claim is neither an unsecured claim nor an allowed secured claim and that

---

[5]     *In re Johnson*, 337 B.R. 269 (Bankr. M.D.N.C. 2006); *In re Robinson*, 338 B.R. 70 (Bankr. W.D. Mo. 2006); *In re Horn*, 338 B.R. 110 (Bankr. M.D. Ala. 2006); *In re Ezell*, 339 B.R. 330 (Bankr.  E.D. Tenn. 2006); *In re Flemming*, No. 05-61894-659, 2006 WL 770101 (Bankr. E.D. Mo. March 27, 2006); *In re Jackson*, No. 05-58183, 2006 WL 563317 (Bankr. M.D. Ga. March 6, 2006). These courts hold that the hanging paragraph makes the bifurcation procedures found in § 506 inapplicable to 910-day vehicle claims.

[6]     *Horn*, 338 B.R. at 113; *Robinson*, 338 B.R. at 73-74; *Johnson*, 337 B.R. at 272 (collectively stating that claims secured by collateral are secured claims).

§ 1325(a)(5) is no longer applicable to 910-day vehicle claims.[7] This Court respectfully disagrees. The existence of a claim is usually determined by non-bankruptcy substantive law,[8] whereas valuation of that claim is determined by § 506. A purchase money security interest is secured through the parties' contract and applicable perfection statutes and is secured without the operation of the Code. A creditor's secured status is not erased without any further adjudication merely because the hanging paragraph makes the § 506 valuation mechanism inapplicable to 910-day vehicle claims.

The grammatical structure of the hanging paragraph also supports this conclusion. The hanging paragraph begins with the phrase: "For purposes of paragraph (5)." To give meaning to this phrase, the court *must* consider § 1325(a)(5) when contemplating confirmation. Were this Court to adopt the reasoning in *Carver,* which renders § 1325(a)(5) completely inapplicable to 910-day vehicle claims, the introductory phrase and its subsequent provisions would be rendered meaningless. For these reasons, the Court finds that Menlove Dodge's claim is a secured claim subject to § 1325(a)(5) and the hanging paragraph. And the Debtor cannot use § 1325(a)(5)(B) to cram down the Tracer.

### B.   Neither § 1325(a)(5)(A) nor § 1325(a)(1) Allow Confirmation of this Plan as Drafted

Having been unable to utilize the traditional cram down provisions of Chapter 13 and

---

[7] *In re Carver*, 338 B.R. 521, 526-27 (Bankr. S.D. Ga. 2006) (holding that a 910-day vehicle claim is neither an unsecured claim nor an allowed secured claim).

[8] *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328-29 (1993) (stating that mortgage company's rights as a secured creditor are created by mortgage documents and the secured creditor "is indisputably the holder of a secured claim"); *see also Bailey v. Big Sky Motors, Ltd. (In re Ogden)*, 314 F.3d 1190, 1200 (10th Cir. 2002) (stating that non-bankruptcy substantive law usually determines the existence of a claim).

§ 506 valuation in order to confirm her Plan, the Debtor must find some other provisions in § 1325(a) that would allow confirmation of her Plan. The Debtor argues that if the provisions of § 1325(a)(5)(B) or (C)[9] cannot be met, she may obtain confirmation if a secured creditor has accepted her Plan.

The Chapter 13 Trustee and the Debtor broadly contend that failure to object to a properly noticed plan constitutes acceptance of the plan. This position overstates the case because the parties improperly combine two significantly different concepts and Code sections. It is correct that, if a plan is properly noticed and otherwise meets the requirements of § 1325(a), the Court may deem a secured creditor's silence to constitute acceptance of a plan and the plan may be confirmed. This "implied" acceptance is allowed because Chapter 13, unlike Chapter

---

[9]   Section 1325(a)(5) provides:
(a) Except as provided in subsection (b), the court shall confirm a plan if --
. . .
    (5) with respect to each allowed secured claim provided for by the plan–
        (A) the holder of such claim has accepted the plan;
        (B)(i) the plan provides that –
            (I) the holder of such claim retain the lien securing such claim until the earlier of–
                (aa) the payment of the underlying debt determined under nonbankruptcy law; or
                (bb) discharge under section 1328; and
            (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
        (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
        (iii) if --
            (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
            (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
        (C) the debtor surrenders the property securing such claim to such holder;

6

11,[10] has no balloting mechanism to evidence acceptance of a proposed plan, and it is only the negative — a filed objection — that evidences the lack of acceptance. When the creditor simply does nothing, the judicial doctrine of "implied" acceptance fills the drafting gap in the Code. The concept of implied acceptance of an otherwise compliant plan, or even voting on similar provisions in Chapter 11,[11] however, is quite different from proposing a plan intentionally inconsistent with the Code and then waiting for the trap to spring on a somnolent creditor. Creditors are entitled to rely on the few unambiguous provisions of the BAPCPA for their treatment. They should not be required to scour every Chapter 13 plan to ensure that provisions of the BAPCPA specifically inapplicable to them will not be inserted in a proposed plan in the debtor's hope that the improper secured creditor treatment will become *res judicata*.[12]

The Chapter 13 Trustee's reliance on *Andersen* to support his argument only proves the point.[13] In *Andersen*, the Tenth Circuit applied the principal of *res judicata* and relied upon the finality of orders to uphold a provision in a Chapter 13 debtor's plan that discharged student loans based on undue hardship even though the debtor had not obtained such a finding through

---

[10]    Section 1126.

[11]    *See* § 1111(b) which allows a secured creditor to elect to be paid in full with no interest or have its claim bifurcated.

[12]    Similar reasoning has been applied by courts in examining plans that do not provide for full payment of priority claims under § 1322(a)(2). Some courts have found that a priority creditor's failure to object to a proposed plan that does not comply with § 1322(a)(2) does not constitute acceptance. *In re Ferguson*, 27 B.R. 672, 673 (Bankr. S.D. Ohio 1982); *In re Bauman*, No. 93-41818, 1994 WL 16006044, at *3 (Bankr. S.D. Ga. May 18, 1994) (not reported).

[13]    *In re Andersen*, 179 F.3d 1253 (10th Cir. 1999). The Chapter 13 Trustee also relies on *Andrews v. Loheit (In re Andrews)*, 49 F.3d 1404, 1409 (9th Cir. 1995) (stating that in most instances, failure to object translates into acceptance of the plan); *see also Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 218 B.R. 916, 926 (9th Cir. BAP 1998) (a creditor's failure to object to the chapter 13 plan constitutes an implied acceptance of the plan).

the adjudication of an adversary proceeding. *Andersen* has been criticized and distinguished in subsequent case law.[14] Even the Tenth Circuit has noted that *Andersen* is limited to the particular facts of that case.[15] A plan should not be used as a sword to change the explicit provisions of the Code to what the parties wish Congress had drafted.[16] And *Andersen*, of course, is inapplicable in this case because the Court has not confirmed the Plan, so the doctrine of *res judicata* and the policy considerations supporting finality of judgments are inapplicable and unpersuasive.

Even if the Court ruled that "implied" consent by failure to object would save this Plan as drafted given the notice language, the Plan still could not be confirmed. Section 1325(a)(1) provides that "the court shall confirm a plan if (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title." The parties agree that Menlove Dodge's 910-day vehicle claim cannot be bifurcated, yet the Plan proposes this type of treatment. The Court has an affirmative duty to review and ensure that the Plan complies with the Code even if creditors fail to object to confirmation.[17] This offending provision presents no

---

[14] *Poland v. Educ. Credit Mgmt. Corp. (In re Poland),* 382 F.3d 1185, 1188 (10th Cir. 2004) (limiting the holding in *Andersen* to the particular facts of that case); *see also In re Hanson*, 397 F.3d 482, 486 (7th Cir. 2005) (disagreeing with *Andersen* and *Pardee* and stating that "cases like *Andersen* and *Pardee* permit debtors to flout both substantive and procedural provisions of the Bankruptcy Code and Rules through meaningless incantation . . . in their proposed plans").

[15] *Poland,* 382 F.3d at 1188.

[16] *Educ. Credit Mgmt. Corp. v. Mersmann (In re Mersmann)*, 318 B.R. 537, 542 (10th Cir. BAP 2004) (stating that *Andersen* should not be used as a "sword to obtain hardship discharges through the plan confirmation process"); *Educ. Credit Mgmt. Corp. v. Nelson (In re Nelson)*, 318 B.R. 532 (10th Cir. BAP 2004) (like *Mersmann,* holding that *res judicata* effect of confirmed plan did not discharge student loan).

[17] *In re Northrup*, 141 B.R. 171, 172 (N.D. Iowa 1991) (citing *In re Chaffin*, 836 F.2d 215, 216 (5th Cir. 1988) and agreeing with the principle that courts have an affirmative duty to review Chapter 13 plans even in the absence of an objection).

less a bar to confirmation than failing to pay priority claims in full, proposing a plan in bad faith,[18] or proposing a plan that is not feasible.[19]

## CONCLUSION

Under the BAPCPA, § 1325(a)(5) can no longer be used to cram down a 910-day vehicle claim. Steadfastly including a § 506 cram down in the Plan in the hope that a creditor will not object to confirmation within the shortened time frames of § 1324(b), be deemed to have impliedly consented to confirmation, and then be caught in the *res judicata* result of a confirmed plan, is not an option. The Plan as filed and orally modified is not confirmed.

The Debtor, however, has represented to the Court that she is willing and able to pay the full amount of the allowed claim ($4,000) in order to obtain confirmation of the Plan. Based on that representation, and all other elements of § 1325 having been met, the Court orders the Chapter 13 Trustee to submit a confirmation order consistent with this Memorandum Decision.

---

[18] In light of this holding, the Court does not analyze if a Chapter 13 plan that attempts to utilize § 506 where it is not allowed is proposed in good faith.

[19] Whether a 910-day vehicle creditor could expressly accept a crammed down plan is beyond the scope of this opinion. The hanging paragraph provides 910-day vehicle claim creditors with a statutory right — the right not to have their collateral crammed down. In light of this right, plan treatment contrary to the Code should require some sort of affirmative assent or waiver on the part of the creditor. Waiver is "the intentional relinquishment of a known right" and requires the following: "(1) an existing right, benefit, or advantage; (2) knowledge of its existence; and (3) an intention to relinquish the right." *Soter's, Inc. v. Deseret Fed. Sav. & Loan,* 857 P.2d 935, 940-41 (Utah 1993) (internal quotations and citations omitted); *see also Sweet v. Bank of Oklahoma, Oklahoma City (In re Sweet)*, 954 F.2d 610, 613 (10th Cir. 1992) (setting forth a similar standard and quoting *In re Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982)). But given that under § 1325(a)(5)(B)(i) the holder of such a claim may retain a lien securing such a claim until the payment of the underlying debt determined under non-bankruptcy law, such a waiver may be risky until the case law is more fully developed.

Also, this opinion does not address the scenario in which a secured creditor files a proof of claim that bifurcates the claim into secured and unsecured portions, and whether such a filing constitutes express acceptance or some sort of waiver of the provisions of the hanging paragraph. No changes have been made to Official Form B10 since the enactment of the BAPCPA that address the Chapter 13 issues of claims secured by 910-day vehicles or other collateral covered by the hanging paragraph, and the current Official Form B10 appears charged with potential issues in this context.

### SERVICE LIST

The foregoing **MEMORANDUM DECISION** was forwarded to the Bankruptcy Court Noticing Center for distribution to all creditors on the debtor's mailing matrix, and to the following:

Lee J. Davis
Tony G. Jones
Law Office of Davis & Jones, P.C.
470 East 3900 South Suite 105
Salt Lake City, UT 84107

United States Trustee
#9 Exchange Place
Suite 100
Salt Lake City, UT 84111-2147

J. Vincent Cameron
Chapter 13 Trustee
47 West 200 South
Suite 600
Salt Lake City, UT 84101

Menlove Dodge
2380 South Highway 89
Bountiful, UT 84010